F. G. SATTERFIELD, J. S. SATTERFIELD AND WALKER STONE, FORMERLY TRADING AND DOING BUSINESS AS SATTERFIELD AND STONE, v. JOHN T. MANNING, SUCCESSOR ADMINISTRATOR OF THE ESTATE OF SALLIE A. RIGSBEE, DECEASED.

(Filed 30 January, 1948.)

**Landlord and Tenant § 8—Where lessees sue on bond for peaceful occupancy they are bound by the terms of the bond.**

The action was instituted on a bond for peaceful occupancy executed by lessor, who was a life tenant of the premises. The lease provided that

lessees should have the right to remove buildings placed on the land upon termination of the lease. The bond for peaceful occupancy specifically stipulated that if lessor should be compelled to pay the penalty of the bond, lessor should be entitled to hold the improvements. Lessor died, terminating the lease prior to the expiration of the term, and title to the property passed *eo instante* to the remaindermen. *Held:* Under the terms of the bond, liability thereunder was conditioned upon the right to the improvements, and since the improvements passed with the land to the remaindermen, the demurrer of the lessor's administrator should have been sustained.

SCHENCK, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Bone, J.,* at October Term, 1947, of DURHAM. Reversed.

Plaintiffs sued on a bond in sum of $35,000 executed by defendant's intestate to indemnify plaintiffs from any interference with their peaceful occupancy of premises which had been leased to them for a term of years by defendant's intestate. It was alleged that during the term of the lease, by reason of the death of the lessor, who had only a life estate in the property, the lease had been interrupted, and that title to the property by operation of law having passed to others the plaintiffs had been ousted.

The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was overruled and defendant appealed.

*Fuller, Reade & Fuller, Basil M. Watkins, and James L. Newsom for plaintiffs, appellees.*

*Brawley & Brawley, Egbert L. Haywood, and Victor S. Bryant for defendant, appellant.*

DEVIN, J. This action is an aftermath of the litigation which culminated in the decision of this Court in *Haywood v. Briggs,* 227 N. C., 108, 41 S. E. (2d), 289. The transactions alleged in the complaint as the basis of the present action were considered in that case, and it was there held that upon the death of the life tenant, under whose lease the plaintiffs claimed, the title to the subject of the lease passed, *eo instante,* by operation of law, to the remaindermen, unaffected by the terms of any contract of lease between the life tenant and her lessees. The present plaintiffs were parties to that proceeding and had there claimed that under the terms of the lease it had been agreed by the life tenant that plaintiffs should have right to remove all fixtures erected on the land during the lease, and that this provision in the lease gave to the buildings erected thereunder the character of trade fixtures, and that this charac-

terization continued after the death of the life tenant, even against the remaindermen. Upon that view the plaintiffs intervened in the partition proceedings instituted by and among the remaindermen, claiming title to the buildings and right to remove them, and that question was by appeal brought to this Court, and decided against these plaintiffs. *Haywood v. Briggs, supra.*

Thereafter the plaintiffs instituted this action for recovery on the bond executed by defendant's intestate conditioned upon the quiet enjoyment of the premises by the lessees, for the term of the lease. The lease set out in the complaint was executed 1 July, 1944, for a term of five years from and after 1 July, 1945, with option of renewal, and was the last of a series of similar leases on this property beginning in 1925. The lessor died 19 September, 1945. Section 8 of the lease contains the provision on which this suit is based and is in these words:

"In consideration of the fact that the lessor has only a life estate in said property, and it being the intent and desire of the lessor to protect, hold harmless and indemnify the lessees and their heirs and assigns from any and all interference of peaceful occupancy of said premises by the lessees and their heirs and assigns the said Sallie Rigsbee, lessor, does hereby acknowledge herself bound to the lessees and their heirs and assigns in the sum of thirty-five thousand dollars ($35,000) to the payment of which the said Sallie Rigsbee, lessor, does hereby bind her heirs, administrators, executors and assigns. The condition of this stipulation is such that if the said lessees shall have peaceful and uninterrupted occupancy of said premises for the term of said lease, then this obligation shall be null and void; but if by reason of the death of the lessor during said term, or if from any cause the lessees shall be put out of possession of said premises without fault on their part, then the above named obligation shall be in full force and effect, but with the distinct agreement, however, that said obligation of $35,000 shall diminish or decrease at the rate of three thousand and five hundred dollars ($3,500) per year from July 1st, 1945, to the date or time when the lessees shall be put out of possession of said property as aforesaid. It is further agreed and understood that if the lessor shall be compelled to pay the penalty of the above named bond as therein specified that in such event the lessor and her heirs and assigns shall be entitled to hold all improvements upon said premises."

The defendant's demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was overruled below and in this we think there was error.

The plaintiffs have bottomed their action on the bond executed by defendant's intestate in connection with the lease on the premises described. But this bond contains the provision that "if the lessor shall

be compelled to pay the penalty of the bond," the lessor "shall be entitled to hold all improvements upon said premises." From an examination of this stipulation in the light of all the facts alleged, we think the conclusion is inescapable that the right to the improvements put upon the land by the plaintiffs was an essential condition upon which liability on the bond should depend, whether the stipulation be regarded as a condition precedent or subsequent, or a covenant, and that the admitted fact of the impossibility of performance on the part of the lessees constitutes complete defense against asserted liability on the bond.

It is true the language of the last clause of the bond that in the event the lessor should be called upon to pay the penalty of the bond the lessor "shall be entitled to hold" the improvements might give rise to the view that the lessees were not required to take any affirmative action, or to do more than waive their right to the buildings, and hence that it does not affirmatively appear that there was such failure of performance on the part of lessees as would avoid liability on the bond.

But considering the entire transaction and the evident purpose of this provision, it seems clear that the intention of the parties in the use of this language was to provide as against asserted liability on the bond the consequent right to the buildings as an essential condition.

The plaintiffs having sued on the bond are bound by its terms, and we think the admitted failure of performance of the stipulation on plaintiffs' part bars recovery on the bond.

As we think the demurrer should have been sustained on this ground, it becomes unnecessary to consider the second ground of demurrer pleaded by the defendant.

For the reason stated, the judgment overruling the demurrer is

Reversed.

SCHENCK, J., took no part in the consideration or decision of this case.